Bret Knewtson, OSB 03355
Bret Knewtson, Esq
3000 NW Stucki PL STE 230-M
Hillsboro OR 97124
Telephone: (503) 846-1160
Facsimile: (503) 922-3181
bknewtson@yahoo.com
    Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON (PORTLAND)

| | |
|---|---|
| JASON SANDERS,<br>    Plaintiff,<br>vs.<br>PORTFOLIO RECOVERY ASSOCIATES, LLC.,<br>    Defendant | Case No.: 3:15-cv-1289<br><br>COMPLAINT<br>Violation of 15 USC § 1692 (FDCPA)<br><br>Jury Trial Requested |

**PRELIMINARY STATEMENT**

1.    This is an action for money damages brought by a consumer pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq, which prohibits abusive, deceptive and unfair debt collection practices and other tort claims.

2.    Plaintiff's claims arise from defendant's attempts to collect a debt in Oregon through the means and instrumentalities of interstate commerce and the mails.

3.    Plaintiff requests a jury trial.

**JURISDICTION**

4.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

5. Venue is proper in this District under 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

**PARTIES**

6. Plaintiff Jason Sanders is a natural person who resides in Multnomah County and the State of Oregon and is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant Portfolio Recovery Associates, LLC (hereinafter "PRA") is a limited liability company organized under Delaware law, and does business in Oregon. Defendant PRA's principal place of business is located at 120 Corporate BLVD STE 100 Norfolk VA 23502. PRA has elected Corporation Service Company as its Oregon registered agent, located at 285 Liberty ST NE Salem OR 97301.

**ALLEGATIONS**

8. Plaintiff had a store charge card issued by Lowe's. The credit was used to purchase goods and services for personal, family, and household purposes. Defendant likely has access to the charge statements of plaintiff from its records and is capable of verifying this allegation.

9. Defendant uses the instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

10. Defendant uses the instrumentality of interstate commerce to regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due others.

11. Defendant is a debt collector as that term is defined at 15 USC 1692A(6).

12. By a letter dated July 14th, 2014, defendant sent a demand for payment to plaintiff stating that plaintiff owed it $507.

13. Plaintiff responded to that payment demand by sending an email to defendant, which stated that his credit report showed that the charge off amount was $331. In the email, Plaintiff asked why defendant was asking for more.

14. Defendant responded to the dispute in a letter dated, September 3, 2014, stating that according to the information provided by the original creditor at the time of the sale of the account to plaintiff the amount owed was $507 and that that was the amount owed as of May 2nd, 2011. The letter asserted that no interest was accruing on the debt. Defendant indicated in that letter that it was relying on the "electronic file" provided by the original creditor. The letter did not state that it had obtained verification from the original creditor.

15. Defendant did not update its reporting of the account to credit reporting agencies to reflect that plaintiff disputed the debt.

16. Upon information and belief, plaintiff reasonably believes that given an opportunity for discovery the evidence will show that, it is the policy and practice of defendant to overstate debts it collects from consumers by adding amounts to the balance that were not added by the original creditor or were reversed by the original creditor.

17. Upon information and belief, plaintiff reasonably believes that given an opportunity for discovery the evidence will show that, it is the policy and practice of defendant to not obtain verification from the original creditor but to instead rely on the information provided to defendant by the original creditor when the debt was purchased by defendant.

18. Defendant's conduct in bringing an unlawful debt collection demand against plaintiff disturbed plaintiff and caused anxiety, sleeplessness, nervousness, anger, embarrassment, humiliation, and frustration and emotional distress.

**FIRST CLAIM FOR RELIEF: VIOLATION OF FDCPA**

19. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

**COUNT ONE**

20. The attempt to collect the debt by overstating the amount due is a violation of at least one, if not more, provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

**COUNT TWO**

21. The failure to report the account as disputed on plaintiff's credit report is a violation of at least one, if not more, provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e(8).

**DAMAGES**

22. As a result of Defendant's violation of the FDCPA, Plaintiff has statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A).

23. Actual damages for emotional distress pursuant to 15 U.S.C. § 1692k(a)(1).

24. Plaintiff is entitled to reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from defendant.

///

///

///

///

///

**WHEREFORE**, Plaintiff prays that judgment be entered against defendant for:

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

- for an award of actual damages determined pursuant to 15 U.S.C. §1692k(a)(1).

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

Dated this July 10, 2015

/s/ Bret Knewtson
Bret Knewtson, OSB 033553