**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

JASON SANDERS,                                    3:15-CV-01289-BR

        Plaintiff,                              OPINION AND ORDER

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

        Defendant.

**BRET A. KNEWTSON**
3000 N.W. Stucki Place, Suite 230 M
Hillsboro, OR 97124
(503) 846-1160

        Attorney for Plaintiff

**ROBERT E. SABIDO**
Cosgrave Vergeer Kester, LLP
500 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR 97204
(503) 323-9000

**LIANA MAYILYAN**
Simmonds & Narita LLP
44 Montgomery Street
Suite 3010
San Francisco, CA 94104
(415) 283-1000

        Attorneys for Defendants

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Motion
(#9) for Attorney Fees and Costs and Plaintiff's Bill of Costs
(#11).  For the reasons that follow, the Court **GRANTS** Plaintiff's
Motion for Attorney Fees and Costs and awards attorneys' fees to
Plaintiff in the amount of **$3,570.00**.[1]  The Court also awards
costs to Plaintiff in the amount of **$400.00**.


## BACKGROUND

On July 10, 2015, Plaintiff filed an action in this Court
against Defendant Portfolio Recovery Associates LLC (PRA)
alleging Defendant violated the Fair Debt Collection Practices
Act, 15 U.S.C. 1692a, *et seq.,* when it attempted to collect a
debt "by overstating the amount due" and failed to report
Plaintiff's account as disputed on Plaintiff's credit report.

On October 14, 2015, Plaintiff filed a Notice of Acceptance
of Defendant's Offer of Judgment in which Plaintiff advised the
Court that he had accepted the offer pursuant to Federal Rule of
Civil Procedure 68 for $1,001

> plus reasonable attorneys' fees and costs incurred
> in connection with this action through the date of
> acceptance of this Offer of Judgment, *in an amount*

---

[1] The Court's calculations are set out in Exhibit 1 to this
Opinion and Order.

2 - OPINION AND ORDER

> *to be agreed to by counsel or, failing agreement,*
> *in an amount to be determined by the Court.*

Notice (#8) at 2 (emphasis added).

Also on October 14, 2015, Plaintiff filed a Motion for Attorney Fees and Costs and a Bill of Costs.

The Court took Plaintiff's Motion and Bill of Costs under advisement on November 17, 2015.


### PLAINTIFF'S MOTION (#9) FOR ATTORNEY FEES

Plaintiff seeks $5,600 in attorneys' fees.

## I.    Plaintiff is entitled to reasonable attorneys' fees.

The FDCPA provides in pertinent part:

> [A]ny debt collector who fails to comply with any
> provision of this subchapter with respect to any
> person is liable to such person in an amount equal
> to the sum of—
>
> * * *
>
> (3) in the case of any successful action to
> enforce the foregoing liability, the costs of the
> action, together with a reasonable attorney's fee
> as determined by the court.  On a finding by the
> court that an action under this section was
> brought in bad faith and for the purpose of
> harassment, the court may award to the defendant
> attorney's fees reasonable in relation to the work
> expended and costs.

15 U.S.C. § 1692k(a)(3).  The Ninth Circuit has made clear "[t]he FDCPA's statutory language makes an award of fees mandatory [because] congress chose a 'private attorney general' approach to assume enforcement of the FDCPA." *Camacho v. Bridgeport Fin.,*

3 - OPINION AND ORDER

*Inc.*, 523 F.3d 973, 978 (9th Cir. 2008)(quotations omitted).

In addition, pursuant to the Offer of Judgment Defendant agreed to pay Plaintiff's reasonable attorneys' fees and costs. Accordingly, pursuant to § 1692k(a)(3) the Court concludes Plaintiff is entitled to reasonable attorneys' fees and costs in this matter.

## II.  Plaintiff is entitled to attorneys' fees in the amount of $3,570.00.

### A.  Standards

The Supreme Court has reiterated under federal fee-shifting statutes such as the FDCPA that "the lodestar approach" is "the guiding light" in determining a reasonable fee. *Perdue v. Kenny A.*, 130 S. Ct. 1662, 1671-73 (2010)(internal quotation omitted).  Under the lodestar method, the court first determines the appropriate hourly rate for the work performed and then multiplies that amount by the number of hours properly expended in doing the work.  *Id.*  Although "in extraordinary circumstances" the amount produced by the lodestar calculation may be increased, "there is a strong presumption that the lodestar is sufficient."  *Id.* at 1669.  The party seeking an award of fees bears "the burden of documenting the appropriate hours expended in the litigation, and [is] required to submit evidence in support of those hours worked."  *United Steelworkers of Am. v. Ret. Income Plan For Hourly-rated Emps. Of Asarco,*

*Inc.*, 512 F.3d 555, 565 (9th Cir. 2008)(quotations omitted).
When "determining the appropriate number of hours to be included
in a lodestar calculation, the district court should exclude
hours 'that are excessive, redundant, or otherwise unnecessary.'"
*McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009)
(quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434  (1983)).

  To determine the lodestar amount the court may consider
the following factors:

> (1) the time and labor required; (2) the novelty
> and difficulty of the questions involved; (3) the
> skill requisite to perform the legal service
> properly; (4) the preclusion of other employment
> by the attorney due to acceptance of the case;
> (5) the customary fee; (6) whether the fee is
> fixed or contingent; (7) any time limitations
> imposed by the client or the circumstances;(8) the
> amount involved and the results obtained; (9) the
> experience, reputation, and ability of the
> attorneys; (10) the undesirability of the case;
> (11) the nature and length of the professional
> relationship with the client; and (12) awards in
> similar cases.

*Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997,
1007 n.7 (9th Cir. 2002)(quotation omitted).  A rote recitation
of the relevant factors is unnecessary as long as the court
adequately explains the basis for the award of attorneys' fees.
*McGinnis v. Kentucky Fried Chicken of Cal.*, 51 F.3d 805, 809 (9th
Cir. 1995).

  The lodestar amount is presumed to be the reasonable
fee, and, therefore, "'a multiplier may be used to adjust the
lodestar amount upward or downward only in rare and exceptional

5 - OPINION AND ORDER

cases, supported by both specific evidence on the record and detailed findings by the lower courts.'" *Summers v. Carvist Corp.*, 323 F. App'x 581, 582 (9th Cir. 2009)(quoting *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000)). "Adjustments [to the lodestar amount] must be carefully tailored . . . and [made] only to the extent a factor has not been subsumed within the lodestar calculation." *Rouse v. Law Offices of Rory Clark*, 603 F.3d 699, 704 (9th Cir. 2009)(citing *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008)).

**B.   Defendant's objections as to Knewtson's hours incurred.**

Defendant asserts Plaintiff is not entitled to any attorneys' fees incurred in connection with Plaintiff's Motion for Attorney Fees because Plaintiff's counsel, Bret Knewtson, failed to make a good-faith effort to confer regarding his Motion for Attorney Fees before he filed the Motion.  Defendant also asserts Plaintiff is not entitled to any attorneys' fees incurred for Knewtson's time researching the Truth in Lending Act.

**1.   Time incurred in connection with Plaintiff's Motion for Attorney Fees.**

Plaintiff seeks to recover fees for 4.1 hours spent by Knewtson drafting Plaintiff's Motion for Attorney Fees. Plaintiff certifies in his Motion for Attorney Fees that "[c]ounsel has conferred by email as well as by phone . . . in an attempt to resolve the issue of fees and the parties were not able to agree."  Pl.'s Mot. at 1.

6 - OPINION AND ORDER

As noted, Defendant asserts Plaintiff should not be awarded attorneys' fees incurred in connection with his Motion for Attorney Fees because Knewtson failed to make a good-faith effort to confer regarding the issues in dispute before filing the Motion in violation of Local Rule 7-1(a) and the terms of the Offer of Judgment.  Specifically, Defendant notes Plaintiff filed his Notice of Acceptance of Offer of Judgment on October 14, 2015, and less than ten minutes later Knewtson filed Plaintiff's Motion for Attorney Fees.  Defendant asserts "[t]he parties simply did not have any chance to discuss [the attorney fee] issue after [Plaintiff] filed his acceptance of the Offer of Judgment" and before Plaintiff filed his Motion.

In his Reply Plaintiff asserts the Offer of Judgment did not include a requirement to confer before filing a Motion for Attorney Fees and he conferred in manner sufficient to satisfy the requirements of Local Rule 7-1 before filing Plaintiff's Motion for Attorney Fees.  Specifically, Knewtson states he contacted defense counsel by telephone on September 30, 2015, after Knewtson received Defendant's Offer of Judgment and discussed the Offer.  Knewtson points to his time records which show .1 hours to "[c]onfer with [defense counsel] on Offer of judgment [*sic*] and no fees for fee request if it becomes an issue."  Decl. of Bret Knewtson, Ex. 1 at 1.  Plaintiff also emailed defense counsel on Monday, October 5, 2015, and noted in

7 - OPINION AND ORDER

pertinent part:

> Attached is the time on the case.  Let me know
> what issues you have, ASAP or by Wednesday.  I
> would ask for $350/hr from the court.  My last fee
> award was Judge Simon, $300/hr, January 2014 and
> Judge Kantor $300/hr, May 2014,  Both contested.
> This is not acceptance of [*sic*] rejection of the
> offer of judgment.  It is an attempt to confer to
> see what issues exist with the time on the case.

Pl.'s Reply, Ex. 3 at 1.  The record does not reflect Defendant

responded to Plaintiff's email by October 7, 2015.  Plaintiff

testifies in his Declaration that on October 13, 2015, one day

before Plaintiff accepted and filed the Offer of Judgment,

"[d]efense counsel countered with a global offer of $3,750

inclusive of the $1,001 and the $400 court finding fee."

Knewtson Decl. at 7  According to Knewtson, therefore, "[t]he

parties understood each other's respective positions and no

further discussion would change that."  Pl.'s Reply at 1-2.

Local Rule 7-1(a) requires every moving party to

certify that "the parties made a good faith effort through

personal or telephone conferences to resolve the dispute and have

been unable to do so."  In addition, the Offer of Judgment

provides for attorneys' fees "in an amount to be agreed to by

counsel *or, failing agreement*, in an amount to be determined by

the Court.  Notice (#8) at 2 (emphasis added).

Although Local Rule 7-1 does not explicitly state

parties must confer specifically about the subject of the motion

to be filed before filing a motion, the language of the Local

8 - OPINION AND ORDER

Rule makes that intention clear.  In addition, even if Local Rule
7-1 is unclear as to the timing or specific subject matter that
parties must discuss before filing a motion, the Offer of
Judgment to which Plaintiff agreed clearly states attorneys' fees
are to be agreed to by counsel and only if the parties fail are
attorneys' fees to be determined by the Court.  All of the
contacts regarding attorneys' fees that Plaintiff identifies as
conferral occurred before Plaintiff accepted Defendant's Offer of
Judgment.  In fact, Knewtson specifically stated in his
October 5, 2015, email that it was not an acceptance or rejection
of the Offer of Judgment.  The record, therefore, does not
reflect Plaintiff complied with the terms of the Offer of
Judgment requiring counsel to attempt to reach an agreement
relating to attorneys' fees after Plaintiff accepted the Offer of
Judgment.

          Accordingly, the Court declines to award Plaintiff
the 4.1 hours of attorney time incurred in connection with filing
his Motion for Attorney Fees.

     **2.   Time incurred researching the Truth in Lending Act
          after September 25, 2015.**

          Defendant also objects to the time that Knewtson
spent researching the Truth in Lending Act (TILA), 16 U.S.C.
§ 1635, after Defendant had made the Offer of Judgment on
September 25, 2015.  Specifically, Defendant asserts Knewtson
unnecessarily incurred the time because Defendant had made an

9 - OPINION AND ORDER

offer of judgment before September 25, 2015, and because
Plaintiff did not bring any claims under TILA.

Plaintiff points out that Defendant served
Plaintiff with its Offer of Judgment via mail.  Plaintiff states,
although Defendant mailed its Offer of Judgment on Friday,
September 25, 2015, Plaintiff did not receive the Offer until
Wednesday, September 30, 2015.  Plaintiff incurred the time
researching TILA on Monday, September 28, 2015, before he had
received Defendant's Offer.

Plaintiff also points out that Defendant did not
advise Plaintiff at any time before September 28, 2015, that it
was going to make an Offer of Judgment and, therefore, Plaintiff
did not know such an offer was likely.  The Court agrees it was
not unreasonable for Plaintiff to continue to conduct research
reasonably related to this matter until he received Defendant's
Offer of Judgment on September 30, 2015.

Defendant also asserts it was unreasonable for
Plaintiff to spend any time researching TILA because Plaintiff
brought only FDCPA claims in this matter.  Plaintiff concedes he
did not bring a TILA claim, but he asserts TILA is relevant
because it

> provides the framework that the original creditor
> has to operate within in disclosing the terms and
> conditions of the agreement.  The relationship of
> the original creditor to the card holder cannot be
> expanded beyond those disclosures so understanding
> what the TILA requires of the original creditor is

> the ground floor of debating what rights
> [Defendant had] to add interest.  [Defendant] is
> imposing interest but not undertaking the
> requirements of the contract that allow interest
> to be charged.

Knewtson Decl. at 6.  In other words, Knewtson researched TILA in order to understand the rights of the original creditor to charge interest in this matter because Defendant did not have any greater right under the FDCPA to charge interest on Plaintiff's account than the original creditor.  One of Plaintiff's FDCPA claims was based on an assertion that Defendant "overstat[ed] the amount due" on Plaintiff's account and that claim rested on Defendant charging Plaintiff interest when it did not have a right to do so under the FDCPA.

The Court concludes on this record that it was not unreasonable for Knewtson to spend time on September 28, 2015, researching TILA.  Accordingly, the Court declines to reduce Plaintiff's attorneys' fees for that research.

**C.    Defendant's objection to Knewtson's requested hourly rate.**

Knewtson requests fees at an hourly rate of $350.  Defendant contends this rate is unreasonably high and asserts the Court should award fees to Plaintiff at an hourly rate no higher than $300.

To determine the reasonable hourly rate this Court uses the most recent Oregon State Bar Economic Survey published in 2012 as its initial benchmark.  Attorneys may argue for higher

11 - OPINION AND ORDER

rates based on inflation, specialty, or any number of other
factors.

In his Declaration in support of Plaintiff's Motion
Knewtson states he has practiced in Oregon since 2003, has
represented numerous debtors in FDCPA and other debt-collection
matters, and has had significant successful litigation at state
and federal levels.  In addition to his practice experience,
Knewtson has taught bankruptcy, debt defense, and unlawful debt-
collection seminars for the Washington and Multnomah County Bar
Associations, for consumer-law groups, and for the Oregon State
Consumer Law Section.  Knewtson has also authored recent changes
to the Oregon State Bar Consumer Law Barbooks chapters on the
Oregon Unlawful Debt Collections Practices Act and the Fair
Credit Billing Act.  Knewtson has served in every official
capacity on the Oregon State Bar Consumer Law Executive Committee
and serves as the local Chair of the Oregon National Association
of Consumer Law Attorneys.

The Court notes the 2012 Economic Survey conducted by
the Oregon State Bar reflects the average billing rate for
attorneys in Tri-County area of Oregon with 12 years of
experience in 2012 was $221 and the 75% billing rate was $258.
Knewtson asserts his rate should be higher because he has
substantial expertise in FDCPA, bankruptcy, and other debt-
collection matters.  In fact, Knewtson points out that this Court

12 - OPINION AND ORDER

and other judges in this district have found $300 per hour to be a reasonable rate for him in other FDCPA actions. *See, e.g., Salzer Griggs Assoc.,* No. 3:11-CV-00007-BR, Opin. and Order (#46); *Campista v. Cred. Fin. Group LLC*, No. 3:13-CV-00640-SI, 2014 WL 127083, at *3 (D. Or. Jan. 13, 2014). Knewtson asserts a rate of $350 per hour is reasonable because that is the rate of the 95th percentile of attorneys practicing business and corporate litigation in the Tri-County area. As Defendant points out, however, this matter involved a relatively uncomplicated civil- litigation issue rather than a complicated issue of business or corporate litigation, and, therefore, the 95% corporate litigation rate is inappropriate. The Court agrees.

On this record the Court concludes, in the exercise of its discretion, an hourly rate of $300 is reasonable.

In summary, the Court awards attorneys' fees to Plaintiff in the amount of **$3,570.00**.

### PLAINTIFF'S BILL OF COSTS (#11)

Plaintiff requests costs in the amount of $400.00 comprised of the fee to file this action. Defendant does not object to Plaintiff's requested costs.

Absent a showing of circumstances not relevant here, an award of costs is governed by federal law. *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir.

13 - OPINION AND ORDER

2003).

28 U.S.C. § 1920 allows a federal court to tax specific items as costs against a losing party pursuant to Federal Rule of Civil Procedure 54(d)(1).  Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3)Fees and disbursements for printing and witnesses;
> (4)Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5)Docket fees under section 1923 of this title;
> (6)Compensation for court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Costs generally are awarded to the prevailing party in a civil action as a matter of course unless the court directs otherwise.  Fed. R. Civ. P. 54(d).  The court must limit an award of costs to those defined in 28 U.S.C. § 1920 unless otherwise provided for by statute.  *Grove v. Wells Fargo Fin. Ca., Inc.*, 606 F.3d 577, 579-80 (9th Cir. 2010).  The fee for filing an action is specifically permitted under § 1920.

Accordingly, the Court awards costs to Plaintiff in the amount of **$400.00.**

14 - OPINION AND ORDER

**CONCLUSION**

For these reasons, the Court **GRANTS** Plaintiff's Motion (#9) for Attorney Fees and Costs and Plaintiff's Bill of Costs (#11) and **AWARDS** attorneys' fees to Plaintiff in the amount of **$3,570.00** and costs in the amount of **$400.00**.

IT IS SO ORDERED.

DATED this 12th day of January, 2016.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

15 – OPINION AND ORDER